EPHRAIM HAYES v. STATE OF MISSISSIPPI.

[46 South., 249.]

CRIMINAL LAW AND PROCEDURE. *Homicide. Murder. Evidence. Instruction. Simply permitting death.*

Where a seven-year-old boy, riding behind his step-father on horseback, came to his death by being thrown from the horse, and the step-father was indicted for his murder, the theory of the state being that the defendant either purposely threw the boy from the horse or caused him to be thrown by making the horse rear up and not permitting the child to hold on, it was reversible error on the step-father's trial to instruct the jury that the accused was guilty of murder if he, having opportunity of preventing the child from falling, would not allow him to hold on but wilfully, deliberately and of his malice aforethought intentionally permitted the child to be killed.

FROM the circuit court of Lincoln county

HON. MOYSE H. WILKINSON, Judge.

Hayes, appellant, a negro, was indicted and tried for the murder of Linton Nelson, an infant, was convicted, sentenced to the penitentiary for life, and appealed to the supreme court.

The decedent was defendant's step-son, about seven years of age. There was evidence to show that appellant had punished the child, and the child thereupon ran away to the home of a neighbor; that at about eight o'clock at night the appellant rode over on horseback to the house of the neighbor, took the child up behind him on his horse, and started back toward his own home. The appellant testified that his horse became frightened, and that when he struck the animal it reared, causing the child to fall to the ground and receive the injuries from which it subsequently died, saying that he told the child not to hold to him but to hold to the saddle. No one other than appellant and the child were present or saw the occurrence. The state's theory was that the appellant, being angry with the child, struck him

upon the head, or knocked him from the horse, or, when the horse reared, would not allow the child to hold on; and witnesses for the state testified that the appellant, shortly after the death of the child told them that he would not let the child hold on, and admitted that he was to blame for the child's death, stating that he could have prevented the occurrence by allowing the child to hold to him.

The fourth instruction for the state, referred to in the opinion, was as follows:

"The court instructs the jury for the state that, even though you may believe from the evidence that the horse threw the child and that in this way he received the blow that caused his death, yet, if the jury further believe from the evidence beyond a reasonable doubt that defendant had the power, the means and opportunity of preventing the child from falling, but that, instead of attempting to prevent the fall, defendant would not allow the child to take hold of the saddle or of himself, and willfully, deliberately, and of his malice aforethought, suffered and permitted the child to fall and be killed, intending that he should thereby be killed, the defendant is guilty as charged in the indictment."

*A. C. & J. W. McNair,* for appellant.

The fourth intruction granted for the state is fatally erroneous. It is inconsistent with the other instructions granted for the state. It was manifestly because of this instruction that the jury returned their verdict of guilty. By the instruction the jury were told that if they should believe from the evidence the hypothetical statements of the instruction, then they must return a verdict of guilty.

At most, if the jury believed all the conditional facts set forth in the instruction, the appellant would have been guilty of manslaughter and not murder.

The instruction, in fact, told the jury to find appellant guilty of murder even though they should, from the evidence, believe

him to be guilty only of passive negligence in not preventing the child's fall from the horse. In order for one to be guilty of the murder of another he must be an active agent toward the production of the injury resulting in the death. *Johnson* v. *State,* 75 Miss., 635, 23 South., 579.

*George Butler,* assistant attorney-general, for appellee.

The jury were fully instructed as to the principles of law applicable to the case, the issues of fact were solved in favor of the state, and the evidence supports the jury's verdict.

CALHOON, J., delivered the opinion of the court.

Under all the facts of this case we are forced to say that the fourth instruction given for the state is manifestly erroneous.

*Reversed and remanded.*